1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10    JOHN ROBERT DEMOS, JR.,

11                     Plaintiff,

12         v.

13    UNITED STATES, *et al.*,

14                     Defendants.

CASE NO. **2:22-cv-00488-BHS-JRC**

REPORT AND RECOMMENDATION

Noting Date: May 6, 2022

15

16         Plaintiff John Demos, Jr., a state prisoner, has filed a proposed complaint under 42

17    U.S.C. § 1983. *See* Dkt. 1. As discussed below, the proposed complaint should be dismissed.

18         Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and received

19    an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 94 Wash. 2d 733,

20    734 (1980). Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-

21    filing bar orders in a number of courts, including this Court, the Eastern District of Washington,

22    the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme

23    Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). Under a bar order, this Court will

24    not accept for filing a proposed complaint unless it "is accompanied by an affidavit that the

claims have not been presented in any other action in any court and that [plaintiff] can and will produce evidence to support his claims." *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ["1992 Bar Order"].

Here, plaintiff asks the Court to issue a federal criminal complaint against defendants because they have allegedly engaged in unlawful conduct. *See* Dkt. 1 at 1, 3. However, plaintiff did not submit the separate affidavit that the 1992 Bar Order requires. Furthermore, plaintiff's request for relief is frivolous. *See United States v. Edmonson*, 792 F.2d 1492, 1497 (9th Cir. 1986) ("[U]nder our system of separation of powers, the decision whether to prosecute . . . rests in the discretion of the Attorney General or his delegates, the United States Attorneys."). The Court should not grant plaintiff *in forma pauperis* status for purposes of an appeal because any appeal would be frivolous. *See* Fed. R. App. P. 24(a)(3)(A); *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977).

Accordingly, it is **RECOMMENDED** that plaintiff's proposed complaint (Dkt. 1) be **DISMISSED WITH PREJUDICE** and that this case be **CLOSED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have **fourteen (14) days** from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 6, 2022** as noted in the caption.

Dated this 15th day of April, 2022.

J. Richard Creatura
Chief United States Magistrate Judge